[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Mario Navarra, brings this action alleging a breach of contract by the defendant for the failure to pay a balance due under the contract in the sum of $12,000.00.
The defendant, Peter Zaccariello, agrees that the parties entered into an agreement which, inter alia, required that the defendant pay to the plaintiff the sum of $17,000.00 in three installments. He made the first payment in the sum of $5,000.00, after which he determined that some merchandise and equipment were not among the items that were to be turned over to the defendant. He determined the value of the missing items and then offered to pay to the plaintiff the balance due. The plaintiff refused that partial payment and demands that the full $12,000.00 that was due and owing be paid.
Neither party changed his position. This action ensued. Further, the defendant, by way of a counterclaim, seeks to recover sums that were due under a prior agreement.
The material facts involved herein are as follows:
The parties originally entered into a Purchase and Sales agreement wherein the defendant herein, Peter Zaccariello, sold to the plaintiff herein, Mario Navarra, his business consisting of two stores providing CT Page 5222 tailoring services and rental of formal clothing. The sale included all of the equipment and stock of merchandise. Separately, the parties entered into a lease of the store premises since the defendant owned the building. In addition, the parties entered into a non-compete agreement.
Subsequently, the defendant, Peter Zaccariello, brought a legal action against Mario Navarra for violations of the non-compete agreement, and a separate suit to evict Mario Navarra from the premises being leased.
Both of these actions brought by Peter Zaccariello against Mario Navarra were resolved be way of a stipulated judgment. In addition, the parties entered into another agreement, which is the crux of the instant action.
This agreement between the parties provided that the business, equipment, supplies and merchandise previously sold by Peter Zaccariello to Mario Navarra would be returned to Peter Zaccarriello by Mario Navarra and that Peter Zaccariello would pay to Mario Navarra a total sum of $17,000.00 in three installments: the first payment of $5,000.00 to be made at the closing; the second and third payments would be made subsequently. Also, the existing store leases would terminate.
This suit by Mario Navarra was brought when Peter Zaccarriello failed to make the final two payments called for in the above-mentioned agreement.
The issue raised in the plaintiff's complaint is what sum, if any, is owed the plaintiff by the defendant under the parties' July 29, 1994 agreement.
The court finds that the parties entered into an agreement by way of a stipulated judgment, before Judge Richard J. Stanley on May 6, 1994, in CV94-0245167, Peter Zaccariello v. Mario Navarra, at the Judicial District of New Haven at Meriden. That, further, the said parties further implemented the terms of the stipulated judgment with an agreement dated July 29, 1994 entitled "Settlement-Non-Solicitation and Non-Competition Agreement." The purpose of that agreement was to resolve and conclude all the parties' lawsuits, debts, claims and issues between the parties resulting from the original purchase and sale, and those additional controversies which arose subsequently between the parties.
The court further finds that the agreement of the parties, dated July 29, 1994, together with the Stipulated Judgment, dated May 6, 1994, was entered into by the parties to dispose of all aspects of their disagreements resulting from the original purchase and sale. The clause in the agreement against bringing an action to enforce any aspect of the CT Page 5223 agreement was not directed at enforcing the terms of their agreement itself, but rather at those controversies leading up to the agreement. Plaintiff's contention is that the "no legal action" phrase in the agreement if applied to the July 29, 1994 agreement itself, would effectively emasculate the agreement since there would be no method of requiring compliance by either party. Further, that the purpose and intention was to resolve all prior controversies, leaving the July 29, 1994 agreement the only enforceable agreement between them.
Therefore, the court finds for the plaintiff Mario Navarra on his amended complaint in the sum of $12,000 per the terms of their July 29, 1994 Agreement.
Further, the court notes that in the defendant's special defense he alleges that the plaintiff failed to deliver certain items of inventory that were included in the agreement.
The court finds that the plaintiff was in control of the devised premises until he turned over all of the keys to the premises to the defendant. At the time the defendant entered onto the devised premises, there were outstanding keys to the premises in the possession of other persons permitting them to enter upon the premises. The plaintiff was responsible for these keys and therefore liable for the missing items.
The court finds that these missing items had a value of $3,716.00, i.e., roughly equal to one half of the difference of the estimated valuations placed upon the missing items by each of the parties; that, this sum of $3,716.00 is to be credited to the defendant toward the $12,000.00 previously found for the plaintiff.
Thus, there is due to the plaintiff from the defendant the sum of $8,284.00.
Judgment may enter for the plaintiff in the sum of $8,284.00 without costs to either party.
Further, the court finds for the plaintiff, on the issues raised in both counts of the defendant's counterclaim, as set out above.
Kremski, J.T.R.